NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**YVONNE ROUGH,**
*Petitioner*

**v.**

**DEPARTMENT OF VETERANS AFFAIRS,**
*Respondent*

_____

2025-1479

_____

Petition for review of the Merit Systems Protection Board in No. DE-1221-21-0078-W-1.

_____

Decided:  November 12, 2025

_____

YVONNE ROUGH, Cortaro, AZ, pro se.

YARIV S. PIERCE, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent.  Also represented by ELIZABETH MARIE HOSFORD, PATRICIA M. MCCARTHY, BRETT SHUMATE.

_____

Before DYK, REYNA, and STOLL, *Circuit Judges.*

PER CURIAM.

Yvonne Rough petitions pro se for review of a final decision of the Merit Systems Protection Board ("Board") denying her request for corrective action under the Whistleblower Protection Act of 1989 ("WPA"), Pub. L. No. 101-12, 103 Stat. 16 (codified as amended in scattered sections of 5 U.S.C.).  We *affirm*.

## BACKGROUND

On October 27, 2019, Ms. Rough began work as a Medical Support Assistant at the Department of Veterans Affairs (the "Agency") Veteran Health Administration in Tucson, Arizona.  Ms. Rough was assigned to a call center, where she answered calls from veterans and other authorized individuals.  She was subject to a one-year probationary period.  On October 13, 2020, during the probationary period, Ms. Rough was terminated for unacceptable attendance.

On November 17, 2020, Ms. Rough filed a complaint with the Office of Special Counsel ("OSC") alleging that she was improperly terminated after making a protected disclosure about her supervisor, Celina Quinonez.  The OSC closed its inquiry into Ms. Rough's complaint on December 17, 2020, and Ms. Rough filed an individual right of action ("IRA") appeal with the Board.  The administrative judge ("AJ") issued an initial decision denying Ms. Rough's request for corrective action because she did not prove by a preponderance of the evidence that she made a protected disclosure.  In making this finding, the AJ discredited Ms. Rough's statements asserting protected disclosures partly because they were self-serving.  On December 23, 2024, the Board denied Ms. Rough's petition for review and in relevant part affirmed the initial decision.[1]  Despite

---

[1]    The Board vacated the AJ's finding that the Agency established it would have terminated Ms. Rough despite

noting that it was improper for the AJ to discount Ms. Rough's testimony as self-serving, the Board "carefully considered the record evidence" and found that Ms. Rough failed to show that she made a protected disclosure, "even in the absence of the finding regarding [her] motivation and the self-serving nature of her testimony." S. App'x 2–3, 2 n.2. Ms. Rough now petitions for review of the Board's decision. We have jurisdiction under 28 U.S.C. § 1295(a)(9).[2]

## DISCUSSION

We set aside the decision of the Board if it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c); *accord Haebe v. Dep't of Just.*, 288 F.3d 1288, 1298 (Fed. Cir. 2002).

Ms. Rough primarily contends that the Board's finding that she did not make a protected disclosure was not supported by substantial evidence. We conclude that the Board's findings are supported by substantial evidence. Under the WPA, a protected disclosure consists of "information by an employee . . . which the employee . . . reasonably believes evidences—(i) any violation of any law, rule, or regulation, or (ii) gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety." 5 U.S.C. § 2302(b)(8)(A).

---

her alleged protected disclosure because it was improper to consider this question without first finding that Ms. Rough made a prima facie case under the WPA.

[2] The government argues that Ms. Rough's petition was untimely. Resp't's Informal Br. 14–17. We need not decide this non-jurisdictional issue since we reach Ms. Rough's claims on the merits.

Ms. Rough alleges that she met with a union representative, Jose Ortiz, and "told him 'about everything in [her] employment,'" including Ms. Quinonez "ha[ving] a conversation with her about her PTSD [(posttraumatic stress disorder)]" and "suggest[ing] she might need to fire" her. S. App'x 19 (first alteration in original). Ms. Rough contends that this constituted a protected disclosure.

The Board did not err in determining that Ms. Rough did not establish that she made a protected disclosure to Mr. Ortiz. As the AJ noted, "[t]he record contains no evidence – outside the appellant's own statements – that she reported any of these matters." S. App'x 19. Mr. Ortiz did not corroborate Ms. Rough's alleged statements. Ms. Rough supplied no evidence from any other individual to corroborate her testimony, and the Board concluded that Ms. Rough's statements were not credible. This is substantial evidence to support the Board's conclusion that Ms. Rough did not prove that she made a protected disclosure.

Ms. Rough additionally argues that the Board failed to consider a variety of other facts, such as her traumatic brain injury and PTSD. But none of these facts suggests that Ms. Rough made a protected disclosure to Mr. Ortiz. We have considered Ms. Rough's remaining arguments and find them unpersuasive. The Board did not err in concluding that Ms. Rough has not shown by preponderant evidence that the Agency violated the WPA.

**AFFIRMED**

COSTS

No costs.